**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Rosanne Edwards Murphy, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:05-2671-CWH |
| | ) | |
| versus | ) | |
| | ) | |
| US Post Office; and John E. Potter, | ) | **ORDER** |
| Postmaster General, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 15, 2005, the plaintiff, a resident of South Carolina, filed a complaint *pro se* against the United States Post Office and Postmaster General, John E. Potter. On September 23, 2005, Magistrate Judge George C. Kosko filed a report and recommended that this action be dismissed for lack of jurisdiction. On October 20, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation.

The plaintiff claims that postal clerks and unknown persons have wrongfully used her post office box, stolen her mail, and removed money from Christmas and birthday cards. The plaintiff seeks justice, compensation, and endless free use of her post office box.

Although the plaintiff's *pro se* complaint is liberally construed, federal courts are of limited jurisdiction. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). The United States Postal Service is a quasi-independent agency under the direction of an eleven member Board of Governors. 39 U.S.C. §401; Currier v. Henderson, 190 F.Supp.2d 1221, 1226 (W.D. Wash. 2002).

The United States cannot be sued without its express consent, which is a prerequisite to a

suit against the United States. The United States has not consented to suit under law other than the Federal Tort Claims Act. United States v. Mitchell, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees, such as Postmaster General Potter, as defendants, nor by filing suit against a federal agency or department, such as the United States Postal Service. Gilbert v. Da Grossa, 756 F.2d. 1455, 1458 (9th Cir. 1985); Campbell v. United States, 496 F. Supp. 36, 37-38 (E.D. Tenn. 1980).

Even if this case is brought under the Federal Tort Claims Act, the plaintiff has not shown strict compliance with the statute by first filing an administrative claim with the appropriate agency and then filing a claim in federal district court against the United States. In addition, Postmaster General Potter was not personally involved in the events that gave rise to this case and should therefore be dismissed. Currier v. Henderson, 190 F.Supp.2d at 1225.

Accordingly, the Court adopts Magistrate Judge Kosko's report and recommendation and dismisses this action without prejudice and without service of process for lack of jurisdiction.

**AND IT IS SO ORDERED.**

C. Weston Houck

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
October 27, 2005